IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | IN PROCEEDINGS |
| ) | UNDER CHAPTER 9 |
| ) | |
| VILLAGE OF ALORTON, ) | Bk. No.:  05-30055 |
| ) | |
| DEBTOR(S). ) | |

## PLAN OF ADJUSTMENT

The Village of Alorton, Debtor in Possession, hereby propose the following adjustment plan pursuant to Chapter 9 of the United States Bankruptcy Code:

ARTICLE 1

Definitions

1.01 <u>Administrative Expense:</u>    A cost or expenses of administration of this "Case" (hereinafter defined), including any actual, necessary expenses of preserving the estate, and any actual, necessary expenses of operating the Debtor's business from and after the "Petitioner Date" (hereinafter defined), to and including the "Confirmation Date" (hereinafter defined), and all allowances approved by the "Court" (hereinafter defined) in accordance with the "Bankruptcy Code" (hereinafter defined).

1.02 <u>Allowed Claim:</u>    A "Claim" (hereinafter defined), (a) a proof of which is filed within the time fixed by the "Bankruptcy Rules" (hereinafter defined) or by the Court, or if the Claim arose from the rejection of an executory contract or unexpired lease, within such other time as may be fixed by the Court, or (b) that has been, or hereafter is, scheduled by Debtor as liquidated in the amount and not disputed or contingent, and in the event of either (a) or (b), as to which no objection to the allowance thereof has been filed with any applicable period of time fixed by an order of the Court, or as to which any such objection has been determined by an order of the Court, which order is final and nonappealable and as to which no appeal is pending.

1.03 <u>Allowed Secured Claim:</u>    An Allowed Claim secured by a valid, enforceable and properly perfected lien, security interest or other charge against or interest in property in which the Debtor has an interest in an amount which is not in excess of the value of the property subject to such Claim, or an Allowed Claim which is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of the value of the interest, determined in accordance with Section 506 of the Bankruptcy Code, of the holder of such Allowed Claim in the Debtor's interest in such property or to the extent of the amount subject to such setoff, as the case may be.

1.04 <u>Bankruptcy Code:</u>    Title 9 of the United States Code, as amended.

1.05 <u>Bankruptcy Rules:</u>    The Rules of Bankruptcy Procedure as provided by the Supreme Court of the United States, as amended from time to time.

1.06    Case:    The Debtor's "Chapter 9" (hereinafter defined) case presently pending before the Court as Case Number 04-31911.

1.07    Chapter 9:    Chapter 9 of the Bankruptcy Code.

1.08    Claim:    Any right to payment or right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from Debtor on or as of the Petition Date as described in Section 101(4) of the Bankruptcy Code.

1.09    Confirmation Date:    The date of the entry by the Court of the "Order of Confirmation" (hereinafter defined).

1.10    Court:    The United States Bankruptcy Court for the Southern District of Illinois, including the Bankruptcy Judge presiding in this Case, and any Court having appropriate jurisdiction to hear appeals therefrom.

1.11    Creditor:    Any "Person" (hereinafter defined) that holds an Allowed Claim, including governmental units.

1.12    Debtor:    Village of Alorton, Illinois.

1.13    Discharge:    The date upon which a discharge shall be granted to the Debtor pursuant to Article 7 of the Plan.

1.14    Final Confirmation:    The date upon which the Order entered confirming the Plan becomes final and nonappealable.

1.15    Effective Date:    Thirty (30) days after the date upon which the Order of Confirmation becomes final and nonappealable or on which date no such appeal is then pending.

1.16    Estate or Estate Property:    All of the Debtor's property as defined in Section 541 of the Bankruptcy Code except for exempt property.

1.17    Order of Confirmation:    The order entered by the Court confirming the Plan in accordance with the provisions of Chapter 9 of the Bankruptcy Code.

1.18    Person:    An individual, corporation, partnership, joint venture, trust, estate and/or unincorporated association.

1.19    Petition Date:    May 7, 2005, the date on which the Chapter 9 Voluntary Petition was filed with the Court in case number 05-30055.

1.20    Plan:    This Plan of Adjustment, in its present form, or as it may be amended or modified in accordance with the Bankruptcy Code and the provisions herein.

    1.21   <u>Pro-Rata:</u>   With respect to any distribution on account of an Allowed Claim, in the same proportion as the amount of such Allowed Claim bears to the aggregate amount of all Allowed Claims of its class.

## ARTICLE 2

### Construction

    2.01   In addition to the definitions in Article 1 hereof, and insofar as not inconsistent or in conflict with said definitions, the words in this Plan shall have the meanings ascribed thereto by the Bankruptcy Code and the Bankruptcy Rules.

## ARTICLE 3

### Classification of Claims and Interests

    3.01

| | |
|---|---|
| <u>Class 1:</u> | Class 1 consists of all governmental obligations of the Debtor, which are creditors holding unsecured priority claims. |
| <u>Class 2:</u> | Class 2 consists of all outstanding judgments and un-liquidated lawsuits against the Debtor. |
| <u>Class 3:</u> | Class 3 consists of all un-liquidated claims. |
| <u>Class 4:</u> | Class 4 consists of all Allowed Claims of unsecured, non-priority creditors of the Debtor. |

## ARTICLE 4

### Treatment of Claims and Interest That Are Not Impaired Under the Plan

    4.01   <u>Class 1:</u>   Except as authorized and paid pursuant to Court order, Allowed Claims of Class 1 shall be paid at 10% over six (6) years at an annual percentage rate of 4% payable on a quarterly basis.

## ARTICLE 5

### Treatment of Claims and Interest That Are Impaired Under the Plan

5.01   Class 2:   Shall receive 2% of the allowed claim over eight (8) years at 4% per annum payable on a quarterly basis.

5.02   Class 3:   No payments shall be made on Class 3 claims.

5.03   Class 4:   Each unsecured creditor in this Class shall receive 5% of its entire claim against the Debtor over six (6) years. Each unsecured creditor in this Class shall be paid by the Debtor quarterly.

## ARTICLE 6

### Implementation of Plan

6.01   The Debtor shall continue to receive its monthly income and pay the claims set forth in Article 5. The Debtor shall continue its day-to-day operations. All of the assets set forth in the Disclosure Statement shall continue to be held by the Debtor.

Payments under the Plan shall be made according to the treatment of the claims as set forth in Article 4 and Article 5. Only those creditors which filed Proof of Claims against the Debtor will receive payment under this Plan. Debtor will honor claims received up to and including the Confirmation Date of this Plan of Adjustment. Regular monthly expenses shall be paid according to past practices. It is the Debtor's intent to pay off this Plan over a one hundred and twenty (120) month period. The Debtor will make additional payments when possible.

All of the assets of the estate shall vest in the Debtor upon Confirmation subject to the liens identified in Article 5.

## ARTICLE 7

### Discharge

7.01   The distributions and rights afforded in this Plan shall be in complete satisfaction, discharge and release, effective on the Confirmation Date (hereinafter "Discharge Date"), of all Claims against and Interests in the Debtor or any of the assets or properties of the Debtor of any nature whatsoever. Commencing on the Discharge Date, all Claimholders and Interestholders shall be precluded forever from asserting against the Debtor, or the reorganized Debtor, or the respective assets and properties, any other or further liabilities, liens, obligations, causes of action, claims or equity interests, including but not limited to all principal and accrued and unpaid interest on the debts of the Debtor based upon any act or omission, transaction or other activity or security instrument or other agreement of any kind or nature occurring, arising or existing prior to the Discharge Date, that was or could have been the subject of any Claim or Interest, whether or not Allowed, except with respect to classes of claims unimpaired pursuant to this Plan, said classes of claims and claimholders therein having been fully satisfied. As of the Discharge Date, the Debtor shall be discharged and released from, and the Debtor shall hold all assets and properties received or retained by it pursuant to this Plan free of all liabilities, liens, claims and obligations or other

claims of any nature, including but not limited to equity interests, known or unknown, except classes of claims unimpaired pursuant to this Plan, and any liens, liabilities, obligations or other claims expressly authorized under this Plan or created by or preserved under this Plan or arising after the Discharge Date. All legal or other proceedings and actions seeking to establish or enforce liabilities, liens, claims, equity interests or obligations of any nature as against the Debtor or assets or properties received or retained by the Debtor with respect to debts and obligations, if any, arising before the Discharge Date shall be permanently stayed and enjoined, except as otherwise specifically provided in this Plan.

## ARTICLE 8

### Provisions for Executory Contracts and Unexpired Leases

8.01   All of the Debtor's executory contracts and unexpired leases as of the Petition Date, which have not specifically been assumed, or rejected pursuant to Section 365 of the Bankruptcy Code or otherwise assumed, rejected or addressed in this Plan prior to or on the Discharge Date, shall be deemed Rejected on the Discharge Date.

## ARTICLE 9

### Unclaimed Distributions

9.01   All unclaimed distributions, from any Class of Claims and howsoever returned to the Debtor, shall be deposited back into the operating fund fo the Debtor. The Debtor shall be released and discharged from any further obligation to pay the unclaimed distribution to said creditor.

## ARTICLE 10

### Voting

10.01   Unless modified, only the holders of claims in Classes 2, 3, 4, 5, 6, 7, 8 and 9 Claims may vote on this Plan. The holders of Class 1 Claims are conclusively deemed to have accepted this Plan pursuant to Section 1126(f) of the Bankruptcy Code. CREDITORS WHO FAIL TO VOTE WILL NOT BE COUNTED IN THE CALCULATION OF WHETHER THEIR CLASS HAS ACCEPTED THE PLAN.

## ARTICLE 11

### General Provisions

11.01   <u>Further Actions:</u>   Pursuant to Bankruptcy Code Section 944, the Order of Discharge shall operate as an order of the Court directing the Debtor and any other necessary parties

to execute and deliver, or join in the execution and delivery of, any documents required to consummate the Plan, and to perform any other act that is necessary for the consummation of this Plan.

       11.02   <u>Captions:</u>   Captions used in this Plan are for convenience only, and shall not affect the construction of this Plan.

       11.03   <u>Disputed, Unliquidated and Contingent Claims:</u>   Notwithstanding any other term or condition of this Plan, disputed, unliquidated and contingent claims shall be paid only upon allowance in accordance with the provisions of Section 502 of the Bankruptcy Code.

       11.04   <u>Jurisdiction of the Bankruptcy Court:</u>   After the entry of the Order of Discharge, the Court will retain jurisdiction for the following purposes:

      (a)   To determine the classification and priority of all Claims against or Interest in the Debtor and to hear objections to any Claims which may or may not have been allowed. The failure by the Debtor or any other party-in-interest, initially, to object to or examine any Claims shall not be deemed to be a waiver of the Debtor's or any party-in-interest's right to object to, or cause to be re-examined, any such claim, in whole or in party.

      (b)   To determine applications for the rejection or assumption of executory contracts or unexpired leases pursuant to the provisions of this Plan which are not determined prior to the Discharge Date, and to determine allowance of Claims for damages with respect to rejection of any such executory contracts or unexpired leases within such time as the Court may direct.

      (c)   To hear and determine all applications for compensation and other Administrative Expenses.

      (d)   To conduct hearings on valuation, as necessary, and to determine whether any party-in-interest is entitled to recover against any Personal Claim, whether arising under Section 506(c) of the Bankruptcy Code, or arising out of a voidable preference, a fraudulent transfer, or otherwise.

      (e)   To hear and determine any and all pending or subsequently filed adversary proceedings or contested matters.

      (f)   To determine all causes of action which may exist in favor of the Trustee.

      (g)   To determine any modification of the Plan of Discharge pursuant to Section 945 of the Bankruptcy Code.

      (h)   To determine all matters, controversies and disputes arising under or in connection with the Plan or the application, disposition or distribution of the Estate Property.

       (i)       To enter a final decree pursuant to Rule 3022 of the Bankruptcy Rules.

    11.05   <u>Closing the Case:</u>    Within sixty (60) days of confirmation of the Plan, the Case shall be closed. Leave may be granted to reopen the case to enforce this Plan or to pursue any matter with the jurisdiction fo the Court as set forth in Section 11.04 of this Plan.

    11.06   <u>Request for Discharge:</u>    To the extent deemed necessary, the Debtor hereby requests the Court to enter an order confirming this Plan.

    11.07   <u>Disclosure Statement:</u>    The attention of holders of Claims and Interests is directed to the Disclosure Statement approved by the Court in connection with this Plan.

Dated this 10th day of May, 2006.

                                        COURTNEY, CLARK & ASSOC., P.C.

                                        /s/ Stephen R. Clark
                                        Stephen R. Clark   #00453439
                                        104 South Charles Street
                                        Belleville, IL 62220
                                        (618) 233-5900
                                        (618) 234-8028 - Facsimile
                                        Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) IN PROCEEDINGS |
| | ) UNDER CHAPTER 9 |
| | ) |
| VILLAGE OF ALORTON, | ) Bk. No.: 05-30055 |
| | ) |
| DEBTOR(S). | ) |

## **VERIFICATION OF PLAN OF ADJUSTMENT**

I hereby certify that the Plan of Adjustment is true and correct to the best of my knowledge.

Dated:     May10, 2006

/s/ Randy McCallum

Stephen R. Clark   #00453439
Courtney, Clark & Associates, P.C.
104 South Charles Street
Belleville, IL 62220
(618) 233-5900
(618) 234-8028 - Facsimile
Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) IN PROCEEDINGS |
| | ) UNDER CHAPTER 9 |
| | ) |
| VILLAGE OF ALORTON, | ) Bk. No.: 05-30055 |
| | ) |
| DEBTOR(S). | ) |

## BALLOT

The _____ does:
       (Name of Creditor)

    _____ Accept the Plan of Adjustment

    _____ Rejects the Plan of Adjustment


DATED:_____


By: _____
    Authorized Agent